IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN GINN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO | : | NO. 09-2339 |

## ORDER

**AND NOW,** this 5th day of August, 2009, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 3), and after review of United States Magistrate Judge Carol Sandra Moore Wells's Report and Recommendation (Doc. No. 6), and consideration of Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 7), **IT IS HEREBY ORDERED** that:

1.   Petitioner's Objections are **OVERRULED**.

2.   The Report and Recommendation of Judge Wells is **APPROVED** and **ADOPTED**.[1]

---

[1] Petitioner's Objections to the Magistrate Judge's Report and Recommendation present no new issues and arguments. Rather, Petitioner merely re-argues that his state court sentence for second degree murder should be reduced from life to 33 years, 33 months and 33 days, because the criminal docket in the Court of Common Pleas of Philadelphia County, in July 2007, reflected the lesser sentence. In her Report and Recommendation, Magistrate Judge Wells states that Petitioner is not entitled to the relief he seeks, because he was convicted of second degree murder, and life imprisonment is the statutory mandatory minimum sentence for second degree murder. See 19 Pa. Cons. Stat. Ann. § 1102(b). As Judge Wells explains, under these circumstances, the reference to a lesser sentence on the state court criminal docket was clearly a "transient docketing error," and in no way entitles Plaintiff to a sentence below the mandatory minimum. We agree with this analysis.

   We also note, however, that Petitioner's habeas petition appears to suffer from a number of other infirmities. For one, the Petition appears to be untimely, as the sentence about which Petitioner complains was imposed on January 24, 1996, over 13 years ago. See 28 U.S.C. § 2244(d)(1) (establishing a one-year limitations period for the filing of petitions pursuant to 28 U.S.C. § 2254 which begins to run on the date the judgment became final). In addition, the Petition does not adequately detail the steps that Petitioner took to exhaust his state court remedies prior to seeking habeas relief. See id. § 2254(b)(1) (requiring prisoners to exhaust state court remedies before seeking federal habeas corpus relief). Finally, the Petition does not clearly frame Petitioner's claim as one involving constitutional or federal law, which would be cognizable in a habeas proceeding. Id. § 2254(d) (stating that habeas petition shall not be granted unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

3. The Petition for a Writ of Habeas Corpus is **DISMISSED**.

4. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrated that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

5. The Clerk shall **CLOSE** this case statistically.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.

---

established Federal law . . . .") Accordingly, we agree with Judge Wells's recommendation to dismiss the Petition and adopt her Report, with these additional observations.